**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARELI TERECITA SERRANO RIOS and FABER AREAN CHAVELAS SERRANO,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5772<br><br>Agency Nos.<br>A209-390-206<br>A209-390-207<br><br>MEMORANDUM* |

Appeal from the Board of Immigration Appeals
Submitted December 3, 2025**
Portland, Oregon

Before: MCKEOWN and SUNG, Circuit Judges and FITZWATER,*** District Judge.

Areli Terecita Serrano Rios ("Serrano Rios") and her son, Faber Arean

Chavelas Serrano ("Faber"), petition for review of the Board of Immigration Appeals'

("BIA's") order affirming the immigration judge's ("IJ's") denial of Serrano Rios'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.

1. "Where, as here, the BIA agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We review legal questions *de novo* and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

2. The BIA erred by failing to conduct a cumulative-effect review of Serrano Rios' evidence of past persecution. When determining whether past mistreatment constitutes persecution, the BIA must consider evidence of persecution together rather than in isolation. *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022). "The key question is whether, looking at the cumulative effect of all the incidents that a petitioner has suffered, the treatment he received rises to the level of persecution." *Id.* (quoting *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021)). Answering this question requires "consider[ing] the record as a whole," *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018), and evaluating factors probative of persecution "in

---

[1] Faber does not seek relief or protection independently from Serrano Rios' applications. Accordingly, we do not separately address his claims.

combination with each other . . . ." *Sharma*, 9 F.4th at 1061. Here, the BIA's conclusion that Serrano Rios failed to establish past persecution relies solely on its agreement with the IJ that the threats that Serrano Rios received did not, by themselves, rise to the level of persecution. The BIA did not assess the significance of the threats in light of the murder of Serrano Rios' brother-in-law at the hands of The Jalisco New Generation Cartel ("New Generation") or the cartel's subsequent intimidation of Serrano Rios' family members. Such evidence of harm to family members is probative of persecution. *Sharma*, 9 F.4th at 1062. Reversal and remand of a petitioner's asylum and withholding of removal claims is appropriate, where, as here, the agency erroneously "siloed evaluation of [the petitioner's relevant] past-persecution evidence." *Salguero Sosa*, 55 F.4th at 1220-21. Accordingly, we remand to the BIA to apply the correct legal standard to the question of whether Serrano Rios experienced past persecution.

3. Substantial evidence supports the BIA's denial of CAT protection. Serrano Rios' opening brief does not challenge the IJ's conclusion that she did not experience torture in the past. She has therefore forfeited such an objection. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). "In deciding whether the applicant has satisfied his or her burden, the IJ must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal."

*Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015).[2]  The record evidence shows that there are areas, such as Yucatan, that are outside the scope of New Generation's control, to which Serrano Rios can relocate.  Serrano Rios' "generalized evidence of violence and crime in Mexico is not particular . . . and is insufficient" to show that relocation is impossible.  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).  And her objections to the reasonableness of relocation are irrelevant to determining whether internal relocation is possible under CAT.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) ("[I]n assessing eligibility for CAT relief, the agency must consider the *possibility* of relocation—without regard for the *reasonableness* of relocation that is considered in other types of applications.").  The record therefore does not compel a finding that Serrano Rios is more likely than not to suffer torture.

Accordingly, we grant Serrano Rios' petition with respect to her asylum and withholding claims, and we remand to the BIA to reconsider whether Serrano Rios established past persecution.  We deny Serrano Rios' petition for CAT relief.

---

[2] Neither party possesses the burden of proving that relocation is possible under CAT.  *Maldonado*, 786 F.3d at 1163.  Accordingly, the error the BIA committed when it placed the burden of proof regarding relocation on Serrano Rios does not necessitate a remand of the BIA's determination with respect to her eligibility for relief under CAT.

The parties shall bear their own costs on appeal.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.**